**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-443-RJC
(3:11-cr-179-RJC-DCK-1)**

| | |
|---|---|
| **FRAZIER DERRING,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), in which he seeks relief pursuant to <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015).

**I.     BACKGROUND**

A jury found Petitioner guilty of a single count of unlawful possession of a firearm and/or ammunition by a convicted felon in the underlying criminal case. (Crim. Case No. 3:11-cr-179-RJC-DCK, Doc. No. 22).

The presentence investigation report ("PSR") scored the base offense level as 24 because Petitioner committed any part of the offense after sustaining at least two crimes of violence or controlled substance offenses, *i.e.*, Ohio convictions for felonious assault with a firearm and robbery. (<u>Id.</u>, Doc. No. 45 at ¶ 19). No specific offense characteristics or Chapter Four enhancements were applied. (<u>Id.</u>). Therefore the total offense level was 24. (<u>Id.</u> at ¶ 27). The criminal history section scored a total of 10 criminal history points and criminal history category of V. (<u>Id.</u> at ¶ 50). The resulting guideline range was 92 to 115 months' imprisonment, between one and three years of supervised release, and fines between $10,000 and $100,000. (<u>Id.</u> at ¶¶ 78, 81, 87).

1

The Court sentenced Petitioner at the bottom of the advisory guideline range to 92 months' imprisonment followed by three years of supervised release. (Id., Doc. No. 50).

Petitioner argued on direct appeal that the evidence was insufficient to support his conviction because the Government did not prove that the item he possessed satisfied the statutory definition of a firearm. The Fourth Circuit affirmed on September 3, 2013. United States v. Derring, 539 Fed. Appx. 114 (4th Cir. 2013).

On January 13, 2014, Petitioner filed a *pro se* § 2255 motion to vacate raising claims of ineffective assistance of trial and appellate counsel and prosecutorial misconduct, case number 3:14-cv-14-RJC. The Court denied and dismissed the § 2255 motion to vacate, finding that the claims were meritless and/or procedurally barred. The Fourth Circuit denied a certificate of appealability and dismissed Petitioner's appeal on March 1, 2016. United States v. Derring, 634 Fed. Appx. 941 (4th Cir. 2016).

Petitioner sought, and the Fourth Circuit granted, leave to file a second or successive § 2255 motion to vacate raising a Johnson claim. (Doc. No. 1-1). Petitioner filed the instant § 2255 motion to vacate through appointed counsel on June 21, 2016, arguing that his enhanced base offense level pursuant to United States Sentencing Guidelines § 2K2.1 is invalid because his prior Ohio conviction for felonious assault with a firearm is not a "crime of violence" in light of Johnson.

The United States filed a motion to stay this case pending the United States Supreme Court's resolution of Beckles v. United States, (Doc. No. 3), which the Court denied as moot after the Beckles opinion was issued, 137 S.Ct. 886 (2017). (Doc. No. 4). The Court also withdrew its Order for the Government to file a response and granted appointed counsel's motion to withdraw. (Id.).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner argues that the enhanced base offense level pursuant to Guidelines § 2K2.1(a)(4) is invalid because his prior Ohio conviction for felonious assault with a firearm is not a "crime of violence" in light of Johnson. He claims that his § 2255 motion to vacate is timely because he filed it within one year after Johnson's issuance.

A one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's conviction and sentence became final on December 2, 2013, when the time for filing a certiorari petition in the United States Supreme Court expired. See Clay v. United States, 537 U.S. 522, 532 (2003) ("for federal criminal defendants who do not file a petition for certiorari

with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."). Petitioner filed the instant § 2255 motion to vacate more than a year and a half late on June 21, 2016. Therefore, timeliness in this case depends on whether Petitioner can rely on Johnson pursuant to § 2255(f)(3).

Johnson announced that the Armed Career Criminal Act's ("ACCA") residual clause[1] is void for vagueness, and that holding is a retroactively applicable right. Id.; Welch v. United States, 136 S.Ct. 1257, 1265 (2016). However, Johnson addresses only ACCA's residual clause and "does not call into question application of the Act to the four enumerated offense, or to the remainder of the Act's definition of a violent felony." Johnson, 135 S.Ct. at 2563. Nor does Johnson apply to the advisory sentencing guidelines because "the Guidelines are not amenable to a vagueness challenge." Beckles, 137 S.Ct. at 894.

Johnson is inapplicable to Petitioner's guideline challenge because its void-for-vagueness holding has no effect on the advisory United States Sentencing Guidelines. Beckles, 137 S.Ct. at 894. Johnson's filing date, therefore, did not re-start the statute of limitations pursuant to § 2255(f)(3) and the petition is dismissed with prejudice as time-barred.[2]

**IV.     CONCLUSION**

For the foregoing reasons, the Court dismisses Petitioner's § 2255 motion to vacate with prejudice as time-barred.

---

[1] ACCA defines a "violent felony" as any felony that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C.A. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition is referred to as the residual clause.

[2] Even if the instant § 2255 motion to vacate had been timely filed, it would be denied merits because the Johnson claim is squarely foreclosed by Beckles.

4

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** with prejudice.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: September 18, 2017

Robert J. Conrad, Jr.
United States District Judge